UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON, | No. 2:23-cv-02622 DB P |
| Plaintiff, | |
| v. | ORDER |
| UNKNOWN FBI AGENTS, | |
| Defendants. | |

Plaintiff Kevin B. Johnson, a former inmate at the Monroe Detention Center, proceeds without counsel and seeks relief for alleged violations of his civil rights. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint is before the court for screening. (ECF No. 1.) The complaint must be dismissed because its allegations do not state a claim. Plaintiff's motion for appointment of counsel is denied.

**I.     In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) The declaration makes the showing required by 28 U.S.C. § 1915(a). The motion is granted.

**II.    Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

1

1  immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

2  (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4  Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless

5  legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

6       Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement

7  of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.

8  544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a

9  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

10 sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts

11 alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it

12 rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In

13 reviewing a complaint under this standard, the court accepts as true the non-conclusory

14 allegations of the complaint and construes the pleading in the light most favorable to the plaintiff.

15 See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

16     **III.    Plaintiff's Allegations**

17      Plaintiff alleges unknown FBI agents staged a car accident involving plaintiff being rear

18 ended at high speeds on July 13, 2020. (ECF No. 1 at 5.) Plaintiff went to the hospital on July 19th

19 and his hand was swollen. (Id. at 6.)

20      Plaintiff alleges the "FED's" are using him like a "lab rat, test dummy" without his

21 consent. (ECF No. 1 at 6.) They inflicted his work van with some sort of chemical agent that

22 inflicted his body and allowed the FBI and local police the ability to follow him without him

23 having a cell phone or computer to be tracked. (Id. at 6-7) Plaintiff filed a Freedom of

24 Information Act request online in August of 2023 and has heard nothing from the FBI on the

25 matter. (Id. at 7.)

26      For relief, plaintiff seeks monetary damages and a variety of injunctive relief. (ECF No. 1

27 at 7.) As related to the complaint's allegations, plaintiff seeks to have a doctor determine what

28 chemical agent was inflicted on him. (ECF No. 1 at 7.)

**IV.    Discussion**

A "Bivens" action seeking damages for deprivation of plaintiff's rights could potentially lie against an individual officer of the FBI. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); see also F.D.I.C. v. Meyer, 510 U.S. 471, 484-866 (1994) ("Meyer") (holding that Bivens action lies against federal agents, but not federal agencies). Here, however, plaintiff's complaint does not name any individual officers as defendants. Instead, plaintiff alleges the individual defendants are unknown.

Moreover, the complaint does not state a claim. Although the court can comprehend the allegations in this instance, the present allegations lack sufficient context and detail that would be necessary for them to proceed. The circumstances surrounding the allegations are not sufficiently set forth for the undersigned to determine whether any relief could be warranted.

The undersigned notes plaintiff already proceeds in another case in this court against unknown FBI agents. See Johnson v. Unknown FBI Agents, No. 2:22-cv-01375-KJM-DB. However, it is not clear whether the present case allegedly involves different events and different unknown FBI agents. Because it is not absolutely clear that plaintiff cannot state a claim, plaintiff will be granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Fed. R. Civ. P. 15(a). An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220. The amended complaint should be titled "First Amended Complaint" and should reference the case number.

If plaintiff does not wish to amend the complaint he may file a notice of voluntary dismissal, after which the action will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). In the further alternative, plaintiff may elect to forego amendment and notify the court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss this action, plaintiff will have an opportunity to object, and the matter will be decided by a district judge.

Plaintiff's motion to appoint counsel (ECF No. 3) will be denied. The United States

Supreme Court has ruled that district courts lack authority to require counsel to represent indigent plaintiffs in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances such as lack of legal education and limited law library access do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

**V.     Order**

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's motion to appoint counsel (ECF No. 3) is denied.
3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.
4. Within thirty days from the date of service of this order, plaintiff must file one of the following:
   (a) An amended complaint curing the deficiencies identified in this order;
   (b) A notice of voluntary dismissal; or
   (c) A notice of election to stand on the complaint as filed.
5. Failure to respond to this order will result in a recommendation that this action be dismissed with prejudice for failure to obey a court order and failure to prosecute.

Dated:  June 6, 2024

DLB7
john2622.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

4