UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON,<br><br>          Plaintiff,<br><br>     v.<br><br>UNKNOWN FBI AGENTS,<br><br>          Defendants. | No.  2:23-cv-02622 SCR P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff Kevin B. Johnson proceeds without counsel and seeks relief for alleged violations of his rights by unknown FBI agents. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint ("FAC") is before the court for screening. (ECF No. 11.) For the reasons set forth below, the FAC fails to state a claim and should be dismissed without further leave to amend.

**I.     Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the non-conclusory allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Background and Plaintiff's Allegations in the FAC**

As the court previously noted when screening plaintiff's original complaint, plaintiff already proceeds in at least one other currently pending case in this court against unknown FBI agents. (See ECF No. 6 at 3, citing Johnson v. Unknown FBI Agents, No. 2:22-cv-01375-KJM-DB.)[1] Nevertheless, the court granted plaintiff leave to amend because it was not clear whether the present action involved different alleged underlying events. (See id.)

In the FAC filed on July 26, 2024, plaintiff alleges unknown FBI agents, acting in conjunction with the highway patrol, staged a car accident involving plaintiff on or about August 13, 2020. (ECF No. 11 at 1.)[2] Plaintiff suffered injuries. (Id.)

Plaintiff further alleges in the FAC that unspecified racist FBI agents are "perpetrating a fraud" against him. (ECF No. 11 at 2.) Plaintiff is "constantly stalked and approached with these teen[s] for the sole reason of trying to make [plaintiff] look like something [he's] not. These teen

---

[1] The other case also named Johnson v. Unknown FBI Agents has been reassigned and is now designated No. 2:22-cv-01375-KJM-SCR.
[2] Plaintiff's original complaint in this case alleged a staged car accident occurring on or about July 13, 2020. (See ECF No. 1 at 5.)

2

age operatives are dishonest… and are forced to lie about men to paint a pedophile jacket on them." (Id.) Plaintiff alleges "the FBI is responsible for teen porn" and "the FBI and all Law Enforcement wrongly convict Black men because of their agenda.…" (Id. at 3.) Plaintiff seeks monetary damages and injunctive relief. (Id.)

### III. Discussion

The FAC fails to state a claim and should be dismissed without further leave to amend at this time. First, plaintiff fails to state a "Bivens" claim for damages for any alleged deprivations of his rights, in part, because plaintiff does not identify any individual officer of the FBI as a defendant or what each defendant allegedly did. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); F.D.I.C. v. Meyer, 510 U.S. 471, 484-866 (1994) (holding that Bivens actions lie against individual federal agents but not federal agencies). In cases where the names of law enforcement officers are unknown, the plaintiff must still "make individualized allegations about each ... and may not merely name an indistinguishable group of Doe defendants." MGA Entm't v. Dynacraft BSC, Inc., Case No. 2:17-cv-08222-ODW-KS, 2018 WL 2448123, at *8 (C.D. Cal. May 30, 2018) (quoting Rhue v. Signet Domain LLC, No. C 13-8664 DMG (JC), 2015 WL 4111701, at *5 (C.D. Cal. July 8, 2015)); see also Dempsey v. Schwarzenegger, No. C 09-2921 JSW (PR), 2010 WL 1445460, at *2 (N.D. Cal. Apr. 9, 2010) (dismissing former inmate's civil-rights claims against 10 undifferentiated Doe defendants). Plaintiff was previously informed of this defect in his allegations. (See ECF No. 6 at 3.) Plaintiff has failed to remedy the defect, suggesting he cannot do so.

Second, plaintiff fails to state a claim for any tort under the Federal Tort Claims Act ("FTCA") because plaintiff fails to allege the jurisdictional prerequisite of exhausting administrative remedies has been satisfied. See McNeil v. United States, 508 U.S. 106, 113 (1993). A lawsuit cannot be instituted upon a FTCA claim unless the claimant has first presented the claim to the appropriate federal agency and his claim was finally denied by the agency in writing. 28 U.S.C. § 2675(a). The claim must be presented to the appropriate agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). If the agency denies the claim, suit must be filed within six months of the date the agency sends its notice of claim denial. 28 U.S.C. §

2401(b). A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. McNeil, 508 U.S. at 113. Here, the FAC does not allege plaintiff filed a timely administrative claim with the FBI or received a denial. Therefore, the FAC fails to establish the court's jurisdiction over a negligence claim under the FTCA. See Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) (as a jurisdictional prerequisite, the timely filing of an administrative claim must be affirmatively alleged in the complaint).

Moreover, it is clear that granting plaintiff further leave to amend would be futile. Plaintiff has had multiple opportunities to present and amend his claims based on an alleged staged automobile collision that occurred sometime in 2020 and alleged FBI attempts to entrap him through teenagers, and each time plaintiff has been unable to state a claim. See, e.g., Johnson v. United States (FBI), No. 2:21-cv-0959-JAM-CKD (E.D. Cal.) (alleging an automobile collision where an FBI confidential informant allegedly struck and totaled plaintiff's car); Johnson v. FBI, No. 2:20-cv-02214-TLN-DB (E.D. Cal.), appeal dismissed as frivolous (9th Cir. 21-15577 July 16, 2021) (alleging attempts by the FBI to entrap plaintiff through teenage girls); Kevin B. Johnson v. FBI, No. 2:19-cv-2359 JAM EFB PS, 2020 WL 2489735, (E.D. Cal. May 14, 2020), recommendation to dismiss adopted, 2020 WL 3542257 (June 30, 2020) (same). Plaintiff continues to repeat the same general allegations without heeding the court's instructions on what information the complaint must contain to state a valid claim. Granting further leave to amend under these circumstances would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (no leave to amend where amendment would be futile); Williams v. California, 764 F.3d 1002, 1018 (9th Cir. 2014) (failure to articulate claims on two prior occasions demonstrates futility of further amendment).

### IV. Conclusion, Order, and Recommendation

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's first amended complaint be dismissed without further leave to amend for failure to state a claim under Bivens;

4

    2. Plaintiff's first amended complaint be dismissed without further leave to amend for lack of FTCA jurisdiction; and

    3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 6, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5