UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN FBI AGENTS,<br><br>    Defendants. | No.  2:23-cv-02622-DAD-SCR<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION<br><br>(Doc. No. 17, 21, 24) |

Plaintiff Kevin B. Johnson is a former inmate at the Yolo County Monroe Detention Center proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA").  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 9, 2024, the assigned magistrate judge screened plaintiff's first amended complaint ("FAC") and recommended that the complaint be dismissed without leave to amend for failure to state a claim. (Doc. No. 17 at 3–4.)  Specifically, the magistrate judge found that the FAC had not made individualized allegations about any of the unknown defendant FBI agents ("Doe defendants"). (*Id.* at 3.)  The magistrate judge further found that plaintiff had not properly alleged the FTCA's jurisdictional requirement that he had exhausted all administrative remedies with an appropriate federal agency. (*Id.* at 3–4.)  The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within

1

twenty-one (21) days after service. (*Id.* at 5.) On September 25, 2024, plaintiff filed timely objections to the findings and recommendations. (Doc. No. 18.)

Plaintiff's objections are difficult to decipher but appear to baselessly claim that the Federal Bureau of Investigation is involved in multiple criminal enterprises. (Doc. No. 18 at 3–4.) However, this claim does not meaningfully address the deficiencies in his pending complaint identified by the magistrate judge. In particular, plaintiff does not address the FAC's lack of individualized allegations about any of the Doe defendants or his failure to exhaust his administrative remedies prior to bringing suit. *See Fishman v. Williams*, No. 14-cv-04823-MWF-JC, 2016 WL 11484591, at *8 (C.D. Cal. Sept. 21, 2016) ("[S]ince plaintiff has not made individualized allegations about any of the Doe defendants, such unidentifiable defendants may be dismissed from the First Amended Complaint."); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Accordingly, the pending complaint must be dismissed because it fails to state a claim.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on September 9, 2024 (Doc. No. 17) are adopted in full;
2. Plaintiff's first amended complaint is dismissed, without leave to amend;
3. Plaintiff's motion for injunctive relief and motion for an extension of time are denied as moot; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 22, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2